Rosendo Rodríguez Rodríguez, Petitioner, *v.* Superior Court of Puerto Rico, Mayagüez Part, Luis R. Apellániz, Judge, Respondent; Juana C. Rodríguez Widow of Aponte, Intervener.

No. O-71-105.    Decided February 24, 1972.

A. *Ramírez Silva* for petitioner. *Miguel A. Ferrer Rodríguez* for intervener.

PER CURIAM: We must decide in the present appeal whether the Superior Court or the District Court has jurisdiction to entertain an action of unlawful detainer brought in this case.

Juana C. Rodríguez, Widow of Aponte, filed an action of unlawful detainer in the District Court, Cabo Rojo Part. She substantially alleged that Rosendo Rodríguez, petitioner herein, had under his possession on lease the property described in the complaint, by virtue of a contract entered between him and the previous owner of the property. That the plaintiff, after acquiring by purchase the referred property, notified the defendant her need of occupying in good faith such dwelling, giving the six months' notice as required by the Reasonable Rents Act to vacate the property. She finally alleged that the six-month term granted to them had expired without their having vacated the premises.

The defendant requested and obtained the transfer of the case to the Superior Court, Mayagüez Part, on the ground that this court was the one with jurisdiction to entertain said complaint because it was an action of *unlawful detainer for wrongful occupancy*. The case having been transferred to the Superior Court and the complaint having been answered, the respondent judge, motu proprio, ordered the transfer again to the District Court of Cabo Rojo for understanding that the action was of the jurisdiction of the latter.

The present appeal was filed against said order.

The Organic Act of the Judicial Power of Puerto Rico known as the Judiciary Act provides in its § 1 the following:

"The judicial power of the Commonwealth of Puerto Rico shall be vested in a single unified judicial system for purposes of jurisdiction, operation and administration, consisting of the Supreme Court of last resort, and the Court of First Instance, which together shall constitute the General Court of Justice.

"The Commonwealth of Puerto Rico is hereby constituted a single judicial district, over all of which the General Court of Justice shall exercise its power and authority." Act No. 11 of July 24, 1952, 4 L.P.R.A. § 1; see, *Colón* v. *Superior Court,* 97 P.R.R. 103 (1969).

The Court of First Instance which consists of two divisions, namely: Superior Court and District Court, is a court of original general jurisdiction with power to act in the name and by the authority of the Commonwealth of Puerto Rico in all civil and criminal proceedings. Judiciary Act, §§ 9–10 (4 L.P.R.A. §§ 61–62). In this manner the judicial reform eliminated jurisdictional differences between the courts or divisions or parts of courts. Nevertheless, for the orderly distribution of judicial matters the former categories as to place of trial were maintained. It was thus provided by the lawmaker in § 10 of the Judiciary Act that every civil or criminal action would be filed in the part of the court held at the place where it should have been filed under the legislation formerly in force, upon the approval of said Judiciary Act. *Rodríguez* v. *Registrar,* 75 P.R.R. 669 (1953); *Colón* v. *Superior Court, supra.*

In order to emphasize the spirit of unification it was also provided that no action should fail on the ground that it had been submitted to a division without jurisdiction or authority or to a part of the court of improper venue. Wherefore every case may be heard in the division or part where it is brought by agreement of the parties and consent of the judge presiding at the time in such part or, if not so heard, it shall be

transferred by order of the judge to the appropriate division or part. Judiciary Act, § 10 (4 L.P.R.A. § 62); see also, Rule 3 of the Rules of Civil Procedure of Puerto Rico.

■ No agreement existing in the present case between the parties nor the consent of the judge for the holding of the hearing of the case in the District Court of Cabo Rojo or in the Superior Court, Mayagüez Part, we must resort to the legislation previous to the Judiciary Act to determine which court had jurisdiction then to entertain a case like the one at bar.

Section 622 of the Code of Civil Procedure of Puerto Rico, still in force, provides:

"The municipal judges of the districts in which the property is situated shall have jurisdiction to hear and determine actions of unlawful detainer in all cases in which the amount specified in the lease as rental, or the consideration or sum which should be paid by virtue of any contract, does not exceed one thousand dollars, computed annually.

"In all other cases the district court of the district[1] where the property is situated shall have jurisdiction of the action, and in both cases the same procedure shall be followed." 32 L.P.R.A. § 2823.

■ This Court has construed the section copied above in the sense that when, like in the case at bar, a person who acquires a property brings an action to evict the tenant who had a lease contract with the former owner, without existing a contract with the new owner, the jurisdiction corresponds to the then District Court, today Superior Court. *Sosa* v. *Río Grande Agrícola Co., Ltd.*, 17 P.R.R. 1106 (1911); *O'Rourke*

---

[1] Section 13 of the Judiciary Act (4 L.P.R.A. § 121) provides that the Superior Court shall have cognizance of all civil appeals, actions, and proceedings in regard to which the District Court of Puerto Rico heretofore exercised cognizance up to the date on which said Act took effect.

Section 18 of the same Act (4 L.P.R.A. § 181) provides that the District Court shall have cognizance of all civil matters of which the Municipal Court existing at the time said Act takes effect took cognizance, exclusively or concurrently.

v. *Pacheco*, 18 P.R.R. 943 (1912) ; *Cuesta* v. *Ortiz*, 29 P.R.R. 460 (1921) ; *Rivera et al.* v. *The Juncos Central Co.*, 31 P.R.R. 252 (1922) ; *Miranda* v. *Jarabo*, 64 P.R.R. 855 (1945) ; *Vélez* v. *San Miguel*, 68 P.R.R. 534 (1948) ; *Vidal* v. *District Court*, 71 P.R.R. 544 (1950) ; *Díaz* v. *Morales*, 71 P.R.R. 648 (1950) ; *Torres* v. *Biaggi*, 72 P.R.R. 813 (1951) ; *Valentín* v. *Figueroa*, 79 P.R.R. 420 (1956).

■ This construction has been based on the fact that the phrase "any contract" of the first paragraph of § 622 should be limited to a contract entered into with the new owner. In other words, that when the purchaser of a leased property does not enter into a new contract with the tenant or does not extend the former contract, and on the contrary attempts to evict the tenant, we have held that the tenant is in possession without contract, as a wrongful occupant, and therefore the situation is the one included in the provision of this second paragraph of § 622 in stating that in all other cases the today superior courts (formerly district) shall have jurisdiction of said actions of unlawful detainer. *Sosa* v. *Río Grande Agrícola Co., Ltd., supra; Díaz* v. *Morales, supra; Vélez* v. *San Miguel, supra; Vidal* v. *District Court, supra; Valentín* v. *Figueroa, supra,* and cases cited therein.

It could be argued, however, and in effect the lessor tried to do so in his allegations before the lower court, that the decisions previously cited do not apply to the situations which arose after the effectiveness of the Reasonable Rents Act (17 L.P.R.A. § 181 *et seq.*), since said act, in its § 12, extends the lease contract compulsorily for the owner, at the option of the tenant once the same is terminated, irrespective of any change of landlord of the leased property. 17 L.P.R.A. § 192.

■ This argument was brought up without success in the case of *Vidal* v. *District Court, supra.* There we said that although it is true that the lease contract, on the day of expiration agreed upon therein, is compulsorily extended for

the lessor, the same § 12-A provides as an exception to the foregoing provision that the lessor may refuse the extension of the lease contract among other reasons whenever he needs in good faith the dwelling for his personal use and immediate occupancy as a place of residence.[2] 17 L.P.R.A. § 193(5).

From the face of the allegations of the complaint it arises that the new owner made use of the prerogative granted by law, refusing to extend the lease contract, for needing it in good faith for his personal use. This being so, our decisions previously cited are applicable to the situation present in this case. We therefore conclude that the court with jurisdiction to entertain the present action for unlawful detainer is the Superior Court, Mayagüez Part.

The record will be remanded to the Superior Court, Mayagüez Part, for further proceedings.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.

---

[2] Section 12-A was amended by Act No. 67 of June 19, 1964, but insofar as the above-mentioned point is concerned, it was not object of amendment. See 17 L.P.R.A. § 193.